

MICHAEL R. MCDONALD
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4827 Fax: (973) 639-6295
mmcdonald@gibbonslaw.com

December 18, 2017

**VIA ECF & ELECTRONIC MAIL**
Hon. Cathy Seibel, U.S.D.J.
United States District Court for the Southern District of New York
Hon. Charles L. Brieant Jr. Federal Building and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601
chambersnysdseibel@nysd.uscourts.gov

> Re: *Markos v. Russell Brands, LLC*
> Civil Action No. 16-04362 (CS)

Dear Judge Seibel,

> *I said, and meant, no more extensions. There is an easier way to handle this: any Plaintiff's expert whose underlying documents are not turned over by December 22, 2017 will be precluded.*
>
> SO ORDERED.
>
> *[signature]*
> CATHY SEIBEL, U.S.D.J.
>
> December 19, 2017

On behalf of Defendant, Russell Brands, LLC ("Russell")—and in accordance with S.D.N.Y. Local Rule 37.2, your Honor's Individual Practices (Section 2A), and this case's initial management order (Dkt. 20)—we write to request a discovery conference to (1) set appropriate parameters for the timely production of documents in Plaintiff's possession and (2) discuss an extension of the remaining expert discovery deadlines.

This is a putative class action claiming that Defendant engaged in deceptive marketing of its Spalding® Neverflat® basketballs. After the close of business Friday, December 1, 2017, Plaintiff produced three expert reports: testing reports from two engineering firms and a report from an economist who provides opinions relating to the ability to compute class wide damages. These reports made conclusions premised on underlying test data, files (including video files), tangible items, and previously unproduced documents obtained via subpoena. This documentation, however, did not accompany the expert reports.

On Monday, December 4, 2017, Russell served notices of deposition for Plaintiff's experts, including a demand for all such documents and other files and asked that Plaintiff inform us as soon as possible whether the documents requested would be withheld for any reason so we could immediately take the issue up with the Court, if necessary. Ex. A. Since December 4, we have had several telephone communications and email exchanges with Plaintiff's counsel seeking to obtain the necessary data and other documentation so that expert depositions scheduled for the first and second weeks January can proceed and—crucially—so that Russell's experts can compile and finalize their own expert reports, due under the operative scheduling order by **January 12, 2017**.

On Friday, December 15, having not yet received the expert test data and other requested documents, we reminded counsel that continued delay would prejudice our own experts' ability to draft their reports in time for the impending January 12 deadline, and thereupon, we requested that, by close of business today (December 18), counsel provide written assurances that we would receive the data and other files by Wednesday, December 20 and also that Plaintiff consent to a three-week extension of Defendant's expert report disclosure deadline. Ex. B. In a

GIBBONS P.C.

Hon. Cathy Seibel
December 18, 2017
Page 2

response received late today, Plaintiff's counsel consented to a three week extension of Russell's expert disclosure deadline.

However, counsel declined to commit to any timeframe for production of expert-related information. The representation that one of the expert's documents will be produced "shortly" is unhelpful. And, that Counsel is unable to discern whether "responsive" documents exist for the other two other experts is simply baffling, since the information is obviously available because it forms the scientific bases of the two technical experts' reports. Given the looming deadline for service of Defendant's reports, we now respectfully request the Court's intervention.

Simply put, without the raw data and other files, which is necessary for Defendant's experts to produce responsive expert reports, Russell's ability to generate its rebuttal expert reports is severely prejudiced. For this reason, we respectfully request, with Plaintiff's consent, a three week extension of the expert discovery schedule.[1]

We note, however, that a static three week extension of the schedule—that is, from January 12, 2017 to February 2, 2017 (with other dates moved accordingly)—is only feasible if we receive the sought-after information this week. We do not believe that there should be any impediment to producing the expert information immediately. In the event the delay continues, we would request a three week extension for our expert report deadline <u>plus</u> however many additional weeks the Court is inclined to grant Plaintiff to produce the sought-after material.

Accordingly, we respectfully request that the Court schedule a pre-motion discovery conference at its earliest convenience this week to address the above. A telephone conference with the Court and counsel may resolve these issues in the most expeditious manner and without the need for additional written submissions. Finally, we understand that your Honor's previous case management order indicated that "[n]o further extensions" would be granted. Dkt. No. 39. However, we submit that the present complications were not anticipated at the time of the entry of the last Order, and Defendant is unfortunately put in the position of having to request this extension given the delay in receiving data and other documents which should have been produced a few weeks ago.

Respectfully,

*Michael R. McDonald*

Michael R. McDonald

cc: *All counsel via ECF.*

---

[1] The current deadline for defense expert reports is January 12, 2018, per case management order dated October 18, 2017. Dkt. No. 39. This would be the third time expert deadlines have been extended, see Dkt. Nos. 30 & 39, though each of the two previous extensions pre-dated the service of Plaintiff's affirmative reports, and the most recent extension was requested by *Plaintiff*. Dkt. No. 38.