

MICHAEL R. MCDONALD
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4827 Fax: (973) 639-6295
mmcdonald@gibbonslaw.com

February 2, 2018

**VIA ECF & ELECTRONIC MAIL**
Hon. Cathy Seibel, U.S.D.J.
United States District Court for the Southern District of New York
Hon. Charles L. Brieant Jr. Federal Building and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601
chambersnysdseibel@nysd.uscourts.gov

    Re:    *Markos v. Russell Brands, LLC*
           Civil Action No. 16-04362 (CS): Letter Motion to Seal

Dear Judge Seibel:

    We represent Defendant Russell Brands, LLC ("Russell") in the above-referenced matter. Please accept this letter brief in lieu of a more formal application, requesting permission for Russell to file its (unredacted) pre-motion letter under seal (as well as Russell's anticipated opposition letter to Plaintiff's pre-motion letter).

    A redacted version of Russell's pre-motion letter will be shortly filed on ECF; and a courtesy copy of both a redacted and unredacted version of this letter will be sent to chambers electronically, with copy to Plaintiff's counsel. We will similarly e-file our redacted opposition letter via ECF and provide the necessary courtesy copies to chambers and counsel, on February 9, 2018.

## BACKGROUND

    On December 20, 2016, your Honor executed the parties' "Stipulated Confidentiality Agreement and Protective Order" ("Confidentiality Order") and entered the order on the docket. (Dkt. No. 25.) The Confidentiality Order states, inter alia, that "[i]f any Protected Material is included with any papers filed with the court, the filing party shall file such Protected Material under seal in the manner directed by the Court or by Court rules that may be controlling at the time of the filing of the Protected Material." (Dkt. No. 25 p. 12.)

    Following and in accordance with the entry of the Confidentiality Order, the parties have produced documents that have been designated as either "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY", as well as taken transcribed depositions at which such material has been discussed. This includes the production of multiple expert reports, served by both parties, as well as depositions of Plaintiff's experts. Russell (and, undoubtedly, Plaintiff) will be utilizing much of this proprietary and confidential material throughout the course of post-discovery motion practice. Similarly, Russell will be making reference to this material in both its affirmative and opposition pre-motion letters.

GIBBONS P.C.
Hon. Cathy Seibel
February 2, 2018
Page 2

Nevertheless, pursuant to the Confidentiality Order, this material and information must be filed under seal.

## ARGUMENT

Following the Second Circuit's decision in <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110 (2d Cir. 2006), New York federal district courts have summarized the legal standard in sealing materials as follows:

> First, a court must determine whether the documents are judicial documents. To qualify as a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process. If the documents are deemed non-judicial, then there is no presumption of public access, and the movant need only make a baseline showing of good cause in order to justify the imposition of a protective order. If, however, the court determines that the documents are judicial in nature, there is a presumption of public access.
>
> Second, the court determines the weight of the presumption. The weight of the presumption is governed by the role of the material at issue in the exercise of the Article III judicial power and the resultant value of such information to those monitoring the federal courts. The material at issue will fall somewhere on a continuum from matters that directly affect the adjudication to matters that come within a court's purview solely to insure their irrelevance.
>
> Finally, after the court has determined the weight of the presumption of access, the court must balance competing considerations against it. These competing considerations include, <u>inter alia</u>, the privacy interests of those resisting disclosure.

<u>Ello v. Singh</u>, 531 F. Supp. 2d 552, 582-584 (S.D.N.Y. 2007) (citations and quotations omitted).

In summary, although these pre-motion letters are likely "useful in the judicial process" and "directly affect the adjudication" of this case, there can be no doubt that confidential and proprietary information produced in accordance with the Confidentiality Order must be filed under seal—both because of Russell's "privacy interests" (and, presumably, those of Plaintiff's experts), as well as because of Russell's obligations under that order.

## CONCLUSION

For the reasons set forth herein, Russell respectfully requests that the Court enter an order permitting Russell to file both the unredacted versions of its affirmative and opposition pre-

GIBBONS P.C.

Hon. Cathy Seibel
February 2, 2018
Page 3

motion letters under seal with the Clerk of this Court.

                                                          Respectfully submitted,

                                                          /s/ Michael R. McDonald

                                                          Michael R. McDonald

cc:     Counsel of Record (via ECF)