**The Sultzer Law Group P.C.**
*A Complex Litigation & Trial Practice*

NEW YORK | PENNSYLVANIA | NEW JERSEY | CALIFORNIA

February 9, 2018

**VIA ECF & ELECTRONIC MAIL**

The Honorable Cathy Seibel, United States District Judge
United States District Court for the Southern District of New York
Hon. Charles L. Brieant Jr. Federal Building and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601
chambersnysdseibel@nysd.uscourts.gov

      Re:    *Markos v. Russell Brands, LLC* **Civil Action No. 16-04362 (CS)**

Dear Judge Seibel:

    Plaintiff respectfully submits the following letter in opposition to Defendant's February 2nd, 2018, pre-motion letter discussing its intention to move (1) to exclude Plaintiffs' experts; (2) for summary judgment; (3) to strike allegations in the Complaint; and (4) for recovery of costs, attorneys' fees, and other sanctions.

    Without providing a basis for its motions, Defendant states it intends to file motions to exclude "all or portions of the testimony/opinions of each of Plaintiff's three experts." Similarly, the grounds upon which Defendant requests a motion for summary judgment are entirely unclear. Defendant presents a list of "uncontroverted" facts in its letter; however, it appears Defendant intends to use these facts in opposition to Plaintiff's forthcoming motion for class certification. But rather than present a basis for summary judgment, these disputed facts highlight why summary judgment is inappropriate here. It is also unclear what Defendant's proposed basis is for recovery of costs, attorneys' fees, and other sanctions. If Defendant's pre-motion letter is a request for sanctions, the request violates Rule 11(c) because Defendant did not satisfy the safe harbor requirement, did not make a separate motion, and did not describe any specific conduct that violates Rule 11(b).

### 1. Proposed Motion to Exclude Plaintiff's Damages Expert.

    Defendant states it anticipates filing a motion to exclude testimony from Plaintiff's damages expert, Colin B. Weir of Economics and Technology, Inc. However, it gives no reason why Weir's report should be stricken and none of the facts in its letter touch on Weir's opinions. Weir is a highly respected, and widely accepted, expert on economic damages whose opinions and methodologies on price premium calculation are widely accepted. Thus, Defendant's request should be denied.

**2. Proposed Motion to Exclude Plaintiff's Engineering Experts.**

Similarly, Defendant's requests to strike the expert reports of Jeff McFadden from i3 Engineering Sciences and Stuart Brown of Veryst Engineering, LLC are unfounded.

Defendant takes issue with the fact that Plaintiff's engineering experts did not measure the air pressure of the NeverFlat basketballs ("NF Balls"). However, Defendant's internal documents show there is a direct correlation between rebound height and air pressure retention, and both of Plaintiff's experts stated they were able to measure the air pressure in the balls indirectly by measuring the rebound height. McFadden's testing showed the NF Balls returned to their original rebound height after being reinflated to 9 psi, providing additional evidence that the loss in rebound height was a result of loss in air pressure. Defendant's internal testing of the outdoor NF Balls yielded similar results. Further, Defendant cannot dispute that the testing demonstrates its claims regarding the rebound height are false. Plaintiff's experts' testing is directly relevant to evaluate those claims.

Next, contrary to Defendant's assertions, McFadden's testing confirms the allegations in the Complaint that the NF Balls do not reach the consistent minimum rebound height advertised by Defendant, and that rebound height declines over time. McFadden did not "underreport" the rebound height of the balls, but rather measured rebound height from the bottom of the balls because that is the standard depicted in Defendant's advertising. The graph in paragraph 27 of the Complaint depicts the NF Balls bouncing with the *bottom of the ball* consistently reaching a height of 54 inches. As stated in the Complaint, and detailed in Mr. McFadden's report, the NF Balls never reached that height, *and* their rebound height declined over time, despite Defendant's representations to the contrary. Thus, McFadden's report accurately demonstrates Defendant's representation is deceptive in two respects: the NF Balls never reach their advertised initial rebound height, and the rebound height declines over time. (Compl. ¶ 29.)

Furthermore, Defendant's apparent reliance on the FIBA and NCAA standards is an attempt to hide the fact it made specific representations (outside of these standards) regarding its products' performance over time and that Plaintiff's experts' testing shows those representations were false. While these standards were used as a reference point, Plaintiff's Complaint alleges that NF Balls do not consistently bounce to between 54 and 60 inches over a one-year period (as represented by Defendant). McFadden's testing showed that the NF Balls never reached a bounce height of 54 inches (measured from the bottom of the ball, as depicted in Defendant's graphics), and that the rebound height of the NF Balls declined over time. Similarly, Dr. Brown's testing showed a decrease in rebound height in the NF Balls after less than 12 weeks, that the Indoor/Outdoor NF Balls failed to bounce to 54 inches at 11.4 weeks, and that the Outdoor NF Balls would fail to bounce to 54 inches before 27 weeks. Defendant's statements regarding the FIBA and NCAA standards do not change the fact that Plaintiff's experts' methodologically sound testing demonstrated Defendant's representations were false.

Thus, Defendant's request to file a motion to exclude Plaintiff's engineering experts should be denied.

### 3. Proposed Motion for Summary Judgment / Motion to Strike Allegations.

Defendant's request for a pre-motion conference is premised primarily on its improper attacks on Plaintiff's counsel and issues of dispute fact that lie at the heart of this case. The record is clear that Plaintiff's counsel did not "create" this litigation as Defendant suggests. Rather, Plaintiff sought out counsel *after* discovering that Defendant's product failed to live up to its representations. (Markos Dep. Tr. 138, 228). Defendant itself is solely responsible for creating this litigation by producing a product that does not perform as advertised. None of the supposed "uncontroverted facts" serve as a basis for Defendant's motions. Rather, these facts highlight the liability dispute in this case—and show that summary judgment is improper. Defendant's allegations are particularly improper given that Defendant's internal documents and testing show that the model of the basketball purchased by Plaintiff did not perform as Defendant advertised it would.

Defendant also mischaracterizes Plaintiff's deposition testimony, in which he repeatedly stated his NF Ball did not perform as advertised and that he was unhappy with the ball's performance. (Markos Dep. Tr. 13, 198, 244). Plaintiff testified that he did consider his ball to be flat because it did not bounce as high as is was supposed to (*Id.* at 244). That Plaintiff may have been satisfied with the product for the first few months is irrelevant because Defendant represented it would maintain performance over a full year, which it did not. Furthermore, to the extent Defendant contends Plaintiff did not provide sufficient notice of Defendant's breach of warranty, that is incorrect. Upon realizing his NF Ball did not perform as represented, Plaintiff, through his attorneys, sent a letter and draft complaint to Defendant which included a claim for breach of warranty. This constituted sufficient notice of Defendant's breach of warranty. *See Paulino v. Conopco, Inc.*, 2015 U.S. Dist. LEXIS 108165, at *4 (E.D.N.Y. Aug. 17, 2015).

Finally, a comparatively low retail return rate is not, as a matter of law, indicative of consumer satisfaction. Indeed, it could simply mean that consumers do not want to undergo an arduous return process or decided to purchase a replacement basketball when their NF Ball failed to perform as advertised. Furthermore, that some customers may ultimately be satisfied with Defendant's products does not negate the fact that Defendant made demonstrably false representations regarding the performance of the NF Balls.

Given that Defendant did not provide any bases to support its anticipated motions and that the motions are ultimately meritless, Plaintiff respectfully requests the Court deny its request in its entirety.

Respectfully submitted,

**THE SULTZER LAW GROUP P.C.**

*/s/ Adam Gonnelli*

Adam Gonnelli

cc:   Counsel of Record via ECF